1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9

10   Global Building Systems, Inc.; and      )   No. CV-07-1065-PHX-DGC
     James L. Beavers,                       )
11                                           )   **ORDER**
                    Plaintiffs/Counterdefendants, )
12                                           )
     vs.                                     )
13                                           )
     Donald J. Brandes,                      )
14                                           )
                    Defendant/Counterclaimant. )
15   _____)

16

17           Plaintiffs have filed a motion for leave to file a supplemental complaint pursuant to

18   Rule 15(d) of the Federal Rules of Civil Procedure. Dkt. #42.  A response and reply have

19   been filed.  Dkt. ##44-45.  The Court will deny the motion.

20   **I.      Background.**

21           Donald Brandes and James Beavers formed Global Building Systems, Inc. ("GBS")

22   to manufacture and sell an affordable, energy-efficient building system.  An application

23   regarding the building system, Application No. 10/101,549, was filed with the United States

24   Patent and Trademark Office in March 2002, and continuing applications currently are

25   pending ("'549 Applications").  One of the claims in the '549 Applications issued as Patent

26   No. 6,796,093 ("'093 Patent") in September 2004.  Brandes is listed as the sole inventor of

27   the inventions disclosed in the '549 Applications and the '093 Patent.

28           In September 2005, GBS and Brandes entered into an Assignment and Royalty

Agreement under which Brandes assigned to GBS his interest in the '549 Applications and the '093 Patent.  The Agreement grants Brandes the right to terminate the Agreement on or after August 31, 2007, if GBS did not meet certain financing and business activity conditions by that date.

GBS and Beavers filed the instant suit against Brandes on May 25, 2007.  Dkt. #1. The complaint alleges that Beavers and Brandes jointly invented the building system and the '549 Applications and '093 Patent therefore incorrectly list Brandes as the sole inventor.  *Id.* ¶¶ 7, 21.  The complaint asserts four claims for relief:  a claim to correct the named inventor on the '549 Applications and the '093 Patent, a claim for a declaratory judgment that Beavers is a co-inventor, a claim to enjoin Brandes from terminating the Agreement, and an unjust enrichment claim.  *Id.* ¶¶ 20-44.

**II.   Analysis.**

Plaintiffs seek to add a breach of contract claim based on Brandes' refusal to execute certain documents necessary to correct the alleged inventorship error.  *See* Dkt. #43 ¶¶ 17-19, 45-48.  The Case Management Order filed on August 15, 2007, contains the following paragraph:

> 2.   Deadline for Joining Parties and Amending Pleadings.   The deadline for joining parties and amending pleadings is **60 days** from the date of this Order.

Dkt. #25 ¶ 2 (emphasis in original).  The deadline for filing motions for leave to amend the complaint was therefore October 15, 2007.  Plaintiffs' motion was filed on January 23, 2008. *See* Dkt. #42.

Plaintiffs contend that their motion is not untimely and that leave to file a supplemental complaint should be liberally granted under Rule 15(d) because the facts supporting the proposed breach of contract claim did not occur until after the complaint was filed.  Dkt. #42. Brandes argues that Rule 16(b)'s "good cause" standard applies to the motion because Plaintiffs could have asserted a breach of contract claim when they filed the complaint. Dkt. #44.

Rule 15(d) provides that a court may permit a party to file "a supplemental pleading

1  setting out any transaction, occurrence, or event that happened after the date of the pleading

2  to be supplemented." Fed. R. Civ. P. 15(d). Thus, "'Rule 15(d) permits the filing of a

3  supplemental pleading which introduces a cause of action not alleged in the original complaint

4  and not in existence when the original complaint was filed.'" *Cabrera v. City of Huntington*

5  *Park*, 159 F.3d 374, 382 (9th Cir. 1998) (citation omitted).

6        This Circuit has not addressed whether a party seeking to file a supplemental

7  complaint under Rule 15(d) must meet Rule 16(b)'s good cause standard to modify the

8  scheduling order where the motion to supplement is filed after the deadline for amending the

9  complaint. The district courts that have addressed the question are split. *Compare Ohio*

10 *Valley Envtl. Coalition v. U.S. Army Corps of Eng'rs*, 243 F.R.D. 253, 256 (S.D. W. Va.

11 2007) (Rule 16 does not apply to motions to supplement), *and Fremont Inv. & Loan v.*

12 *Beckley Singleton, Chtd.*, No. 2:03-CV-1406-PMP-RJJ, 2007 WL 1213677, at *7 (D. Nev.

13 Apr. 24, 2007) (same), *with McGrotha v. Fed Ex Ground Package Sys., Inc.*, No. 5:05-CV-

14 391 (CAR), 2007 WL 640457, at *2 (M.D. Ga. Feb. 24, 2007) ("When a motion to

15 supplement is filed after the scheduling order's deadline, . . . a party must first demonstrate

16 good cause under Rule 16(b) before a court can consider whether supplementation is proper

17 under Rule 15(d).").

18       The Court need not decide the issue. As explained more fully below, the proposed

19 breach of contract claim predates the complaint. Thus, while brought as a motion to file a

20 supplemental complaint under Rule 15(d), Plaintiffs' motion actually seeks to amend the

21 original complaint under Rule 15(a). Plaintiffs must therefore show good cause to modify the

22 Case Management Order before the Court may consider whether leave to amend should be

23 granted under Rule 15(a).

24       **A.**    **The Breach of Contract Claim Predates the Complaint.**

25       On August 17, 2007, about three months after the complaint was filed, Plaintiffs'

26 counsel sent Brandes a letter requesting that he execute certain documents necessary to correct

27 the alleged inventorship error. Dkt. #42-3 at 11-12. Plaintiffs claim that Brandes' refusal to

28 execute the documents as requested in the August 17 letter constitutes a breach of the

1   Agreement.  Dkt. #42 at 4.

2          In response to Plaintiffs' motion, Brandes has submitted a declaration in which he

3   avers that the August 17 letter simply renewed Plaintiffs' prior demands that he execute

4   documents necessary to correct the alleged inventorship error.  Dkt. #44 at 13-19, ¶ 2.

5   Brandes states that on three occasions between late 2004 and early 2007, Plaintiffs asked him

6   to sign documents listing Beavers as a co-inventor and on each occasion he told them no.

7   *Id.* ¶¶ 7, 11.  Plaintiffs do not address this evidence in their reply.  They assert that their

8   counsel made no requests of Brandes until months after the complaint was filed (Dkt. #45

9   at 7), but present no evidence in support of this assertion.  The uncontroverted evidence thus

10  shows that, prior to the filing of the complaint, Brandes refused Plaintiffs' requests to sign

11  documents listing Beavers as a co-inventor.  This evidence is consistent with the allegation

12  in the complaint that "Brandes disputes that Beavers is a joint inventor to the inventions

13  contained in the '093 Patent and the ['549] Applications[.]"  Dkt. #1 ¶ 19.

14         The Court concludes that the proposed breach of contract claim predates the complaint.

15  Plaintiffs' motion therefore is properly construed as a motion to amend the complaint under

16  Rule 15(a), not a motion to file a supplemental complaint under Rule 15(d).  *See Hutchins v.*

17  *UPS, Inc.*, No. 01 CV 1462 WJM, 2005 WL 1793695, at *3 (D.N.J. July 26, 2005)

18  (distinguishing between motions to amend and motions to supplement).

19         **B.     Have Plaintiffs Shown Good Cause to Modify the Case Management**
            **Order?**
20

21         Because Plaintiffs' motion to amend was filed after the deadline set by the Court

22  pursuant to Rule 16, Plaintiffs must first demonstrate good cause to modify the deadline

23  before the Court will consider whether the proposed amendment is proper under Rule 15(a).

24  *See* Fed. R. Civ. P. 16(b) (a deadline established under Rule 16 "shall not be modified except

25  upon a showing of good cause"); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608

26  (9th Cir. 1992) ("The scheduling order 'controls the subsequent course of the action' unless

27  modified by the court.") (quoting Fed. R. Civ. P. 16(a)).  "Good cause" exists when a deadline

28  "cannot reasonably be met despite the diligence of the parties seeking the extension."  Fed.

1  R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.); *see Johnson*, 975 F.2d at 609.

2        Plaintiffs contend that good cause exists because the breach of contract claim arose

3  only recently.  Dkt. #45 at 6-7.  But as explained above, the breach of contract claim was

4  in existence when Plaintiffs filed the complaint in May 2007.  Plaintiffs had ample time

5  to amend the complaint to assert the breach of contract claim prior to the deadline of

6  October 15, 2007.  Plaintiffs have not shown good cause to modify the Rule 16 schedule set

7  in the Case Management Order.  The Court accordingly need not address whether leave to

8  amend should be granted under Rule 15(a).

9        Plaintiffs argue that Brandes will not be prejudiced by the untimely amendment.

10  Whether or not this is true, prejudice is not the relevant inquiry.  "Rule 16(b)'s 'good cause'

11  standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975

12  F.2d at 609.  "Although the existence or degree of prejudice to the party opposing the

13  modification might supply additional reasons to deny a motion, the focus of the inquiry is

14  upon the moving party's reasons for seeking modification [of the Rule 16 schedule].  If that

15  party was not diligent, the inquiry should end." *Id.* (citation omitted).

16        **IT IS ORDERED** that Plaintiffs' motion to file a supplemental complaint (Dkt. #42)

17  is **denied**.

18        DATED this 19th day of February, 2008.

19

20

21  _____

22                 David G. Campbell
                 United States District Judge

23

24

25

26

27

28